**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| **MARY M. MILLER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 1:11CV73RWS/MLM** |
| | ) | |
| **MICHAEL J. ASTRUE,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This is an action under Title 42 U.S.C. § 405(g) for judicial review of the final decision of

Michael J. Astrue ("Defendant") denying the application of Mary M. Miller ("Plaintiff") for Disability

Insurance Benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 et seq., and

Supplemental Security Income ("SSI") under Title XVI of the Act, 42 U.S.C. §§ 405(g).    Plaintiff

filed a Brief in Support of the Complaint. Doc. 13.  Defendant filed a Brief in Support of the Answer.

Doc. 14.  This matter was referred to the undersigned United States Magistrate Judge pursuant to

Title 28 U.S.C. § 636(b). Doc. 5.

**I.
PROCEDURAL HISTORY**

Plaintiff filed applications for benefits alleging a disability onset date of January 22, 2008.[1]

Tr.116-26.   Her applications were denied and she filed a request for a hearing before an

---

[1]      Plaintiff previously filed applications for disability benefits on September 22, 2005.
Based on Plaintiff's 2005 applications, an Administrative Law Judge found Plaintiff not disabled
through October 25, 2007.  The Appeals Council denied Plaintiff's request for review of the 2005
applications on February 28, 2008.

Administrative Law Judge ("ALJ"). Tr. 62-63, 71-75. A hearing was held before an ALJ on January 6, 2010. Tr. 23-44. By decision, dated June 14, 2010, the ALJ found Plaintiff not disabled. Tr. 9-20. On June 14, 2010, the Appeals Council denied Plaintiff's request for review. Tr. 1-4. As such, the decision of the ALJ stands as the final decision of the Commissioner.

## II.
## LEGAL STANDARDS

Under the Social Security Act, the Commissioner has established a five-step process for determining whether a person is disabled. 20 C.F.R. §§ 416.920, 404.1529. "'If a claimant fails to meet the criteria at any step in the evaluation of disability, the process ends and the claimant is determined to be not disabled.'" Goff v. Barnhart, 421 F.3d 785, 790 (8th Cir. 2005) (quoting Eichelberger v. Barnhart, 390 F.3d 584, 590-91 (8th Cir. 2004)). In this sequential analysis, the claimant first cannot be engaged in "substantial gainful activity" to qualify for disability benefits. 20 C.F.R. §§ 416.920(b), 404.1520(b). Second, the claimant must have a severe impairment. 20 C.F.R. §§ 416.920(c), 404.1520(c). The Social Security Act defines "severe impairment" as "any impairment or combination of impairments which significantly limits [claimant's] physical or mental ability to do basic work activities." Id. "The sequential evaluation process may be terminated at step two only when the claimant's impairment or combination of impairments would have no more than a minimal impact on [his or] her ability to work." Page v. Astrue, 484 F.3d 1040, 1043 (8th Cir. 2007) (quoting Caviness v. Massanari, 250 F.3d 603, 605 (8th Cir. 2001) (citing Nguyen v. Chater, 75 F.3d 429, 430-31 (8th Cir. 1996))).

Third, the ALJ must determine whether the claimant has an impairment which meets or equals one of the impairments listed in the Regulations. 20 C.F.R. §§ 416.920(d), 404.1520(d); pt. 404,

subpt. P, app. 1. If the claimant has one of, or the medical equivalent of, these impairments, then the claimant is per se disabled without consideration of the claimant's age, education, or work history. Id.

Fourth, the impairment must prevent the claimant from doing past relevant work. 20 C.F.R. §§ 416.920(f), 404.1520(f). The burden rests with the claimant at this fourth step to establish his or her Residual Functional Capacity ("RFC"). Steed v. Astrue, 524 F.3d 872, 874 n.3 (8th Cir. 2008) ("Through step four of this analysis, the claimant has the burden of showing that she is disabled."); Eichelberger, 390 F.3d at 590-91; Masterson v. Barnhart, 363 F.3d 731, 737 (8th Cir. 2004); Young v. Apfel, 221 F.3d 1065, 1069 n.5 (8th Cir. 2000). The ALJ will review a claimant's RFC and the physical and mental demands of the work the claimant has done in the past. 20 C.F.R. § 404.1520(f).

Fifth, the severe impairment must prevent the claimant from doing any other work. 20 C.F.R. §§ 416.920(g), 404.1520(g). At this fifth step of the sequential analysis, the Commissioner has the burden of production to produce evidence of other jobs in the national economy that can be performed by a person with the claimant's RFC. Steed, 524 F.3d at 874 n.3; Young, 221 F.3d at 1069 n.5. If the claimant meets these standards, the ALJ will find the claimant to be disabled. "The ultimate burden of persuasion to prove disability, however, remains with the claimant." Id. See also Harris v. Barnhart, 356 F.3d 926, 931 n.2 (8th Cir. 2004) (citing 68 Fed. Reg. 51153, 51155 (Aug. 26, 2003)); Stormo v. Barnhart, 377 F.3d 801, 806 (8th Cir. 2004) ("The burden of persuasion to prove disability and to demonstrate RFC remains on the claimant, even when the burden of production shifts to the Commissioner at step five."); Charles v. Barnhart, 375 F.3d 777, 782 n.5 (8th Cir. 2004) ("[T]he burden of production shifts to the Commissioner at step five to submit evidence of other work in the national economy that [the claimant] could perform, given her RFC.").

Even if a court finds that there is a preponderance of the evidence against the ALJ's decision, that decision must be affirmed if it is supported by substantial evidence. Clark v. Heckler, 733 F.2d 65, 68 (8th Cir. 1984). "Substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." Krogmeier v. Barnhart, 294 F.3d 1019, 1022 (8th Cir. 2002). See also Cox v. Astrue, 495 F.3d 614, 617 (8th Cir. 2007). In Bland v. Bowen, 861 F.2d 533, 535 (8th Cir. 1988), the Eighth Circuit Court of Appeals held:

> [t]he concept of substantial evidence is something less than the weight of the evidence and it allows for the possibility of drawing two inconsistent conclusions, thus it embodies a zone of choice within which the Secretary may decide to grant or deny benefits without being subject to reversal on appeal.

See also Lacroix v. Barnhart, 465 F.3d 881, 885 (8th Cir. 2006) ("[W]e may not reverse merely because substantial evidence exists for the opposite decision.") (quoting Johnson v. Chater, 87 F.3d 1015, 1017 (8th Cir. 1996)); Hartfield v. Barnhart, 384 F.3d 986, 988 (8th Cir. 2004) ("[R]eview of the Commissioner's final decision is deferential.").

It is not the job of the district court to re-weigh the evidence or review the factual record de novo. Cox, 495 F.3d at 617; Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); McClees v. Shalala, 2 F.3d 301, 302 (8th Cir. 1993); Murphy v. Sullivan, 953 F.2d 383, 384 (8th Cir. 1992). Instead, the district court must simply determine whether the quantity and quality of evidence is enough so that a reasonable mind might find it adequate to support the ALJ's conclusion. Davis v. Apfel, 239 F.3d 962, 966 (8th Cir. 2001) (citing McKinney v. Apfel, 228 F.3d 860, 863 (8th Cir. 2000)). Weighing the evidence is a function of the ALJ, who is the fact-finder. Benskin v. Bowen, 830 F.2d 878, 882 (8th Cir. 1987). See also Onstead v. Sullivan, 962 F.2d 803, 804 (8th Cir. 1992)

(holding that an ALJ's decision is conclusive upon a reviewing court if it is supported by "substantial evidence"). Thus, an administrative decision which is supported by substantial evidence is not subject to reversal merely because substantial evidence may also support an opposite conclusion or because the reviewing court would have decided differently. Krogmeier, 294 F.3d at 1022. See also Eichelberger, 390 F.3d at 589; Nevland v. Apfel, 204 F.3d 853, 857 (8th Cir. 2000) (quoting Terrell v. Apfel, 147 F.3d 659, 661 (8th Cir. 1998)); Hutsell v. Massanari, 259 F.3d 707, 711 (8th Cir. 2001).

To determine whether the Commissioner's final decision is supported by substantial evidence, the Court is required to review the administrative record as a whole and to consider:

(1) Findings of credibility made by the ALJ;

(2) The education, background, work history, and age of the claimant;

(3) The medical evidence given by the claimant's treating physicians;

(4) The subjective complaints of pain and description of the claimant's physical activity and impairment;

(5) The corroboration by third parties of the claimant's physical impairment;

(6) The testimony of vocational experts based upon proper hypothetical questions which fairly set forth the claimant's physical impairment; and

(7) The testimony of consulting physicians.

Brand v. Sec'y of Dep't of Health, Educ. & Welfare, 623 F.2d 523, 527 (8th Cir. 1980); Cruse v. Bowen, 867 F.2d 1183, 1184-85 (8th Cir. 1989).

Additionally, an ALJ's decision must comply "with the relevant legal requirements." Ford v. Astrue, 518 F.3d 979, 981 (8th Cir. 2008).

The Social Security Act defines disability as the "inability to engage in any substantial gainful

activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 416(i)(1)(A); 42 U.S.C. § 423(d)(1)(A).

"While the claimant has the burden of proving that the disability results from a medically determinable physical or mental impairment, direct medical evidence of the cause and effect relationship between the impairment and the degree of claimant's subjective complaints need not be produced." Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). When evaluating evidence of pain, the ALJ must consider:

> (1) the claimant's daily activities;
>
> (2) the subjective evidence of the duration, frequency, and intensity of the claimant's pain;
>
> (3) any precipitating or aggravating factors;
>
> (4) the dosage, effectiveness, and side effects of any medication; and
>
> (5) the claimant's functional restrictions.

Baker v. Sec'y of Health & Human Servs., 955 F.2d. 552, 555 (8th Cir. 1992); Polaski, 739 F.2d at 1322. The absence of objective medical evidence is just one factor to be considered in evaluating the plaintiff's credibility. Id. The ALJ must also consider the plaintiff's prior work record, observations by third parties and treating and examining doctors, as well as the plaintiff's appearance and demeanor at the hearing. Polaski, 739 F.2d at 1322; Cruse, 867 F.2d at 1186.

The ALJ must make express credibility determinations and set forth the inconsistencies in the record which cause him to reject the plaintiff's complaints. Guilliams, 393 F.3d at 801; Masterson v. Barnhart, 363 F.3d 731, 738 (8th Cir. 2004); Lewis v. Barnhart, 353 F.3d 642, 647 (8th Cir. 2003); Hall v. Chater, 62 F.3d 220, 223 (8th Cir. 1995). It is not enough that the record contains

inconsistencies; the ALJ must specifically demonstrate that he considered all of the evidence. Robinson, 956 F.2d at 841; Butler v. Sec'y of Health & Human Servs., 850 F.2d 425, 429 (8th Cir. 1988). The ALJ, however, "need not explicitly discuss each Polaski factor." Strongson v. Barnhart, 361 F.3d 1066, 1072 (8th Cir. 2004). See also Steed, 524 F.3d at 876 (citing Lowe v. Apfel, 226 F.3d 969, 972 (8th Cir. 2000)). The ALJ need only acknowledge and consider those factors. Id. Although credibility determinations are primarily for the ALJ and not the court, the ALJ's credibility assessment must be based on substantial evidence. Rautio v. Bowen, 862 F.2d 176, 179 (8th Cir. 1988); Millbrook v. Heckler, 780 F.2d 1371, 1374 (8th Cir. 1985).

RFC is defined as what the claimant can do despite his or her limitations, 20 C.F.R. § 404.1545(a)(1), and includes an assessment of physical abilities and mental impairments. 20 C.F.R. § 404.1545(b)-(e). The Commissioner must show that a claimant who cannot perform his or her past relevant work can perform other work which exists in the national economy. Karlix v. Barnhart, 457 F.3d 742, 746 (8th Cir. 2006); Nevland, 204 F.3d at 857 (citing McCoy v. Schweiker, 683 F.2d 1138, 1146-47 (8th Cir. 1982) (en banc)). The Commissioner must first prove that the claimant retains the RFC to perform other kinds of work. Goff, 421 F.3d at 790; Nevland, 204 F.3d at 857. The Commissioner has to prove this by substantial evidence. Warner v. Heckler, 722 F.2d 428, 431 (8th Cir. 1983). Second, once the plaintiff's capabilities are established, the Commissioner has the burden of demonstrating that there are jobs available in the national economy that can realistically be performed by someone with the plaintiff's qualifications and capabilities. Goff, 421 F.3d at 790; Nevland, 204 F.3d at 857.

To satisfy the Commissioner's burden, the testimony of a vocational expert may be used. An ALJ posing a hypothetical to a vocational expert is not required to include all of a plaintiff's

limitations, but only those which he finds credible. Goff, 421 F.3d at 794 ("[T]he ALJ properly included only those limitations supported by the record as a whole in the hypothetical."); Rautio, 862 F.2d at 180. Use of the Medical-Vocational Guidelines is appropriate if the ALJ discredits the plaintiff's subjective complaints of pain for legally sufficient reasons. Baker v. Barnhart, 457 F.3d 882, 894-95 (8th Cir. 2006); Carlock v. Sullivan, 902 F.2d 1341, 1343 (8th Cir. 1990); Hutsell v. Sullivan, 892 F.2d 747, 750 (8th Cir. 1989).

### III.
### DISCUSSION

The issue before the court is whether substantial evidence supports the Commissioner's final determination that Plaintiff was not disabled. Onstead, 962 F.2d at 804. Thus, even if there is substantial evidence that would support a decision opposite to that of the Commissioner, the court must affirm his decision as long as there is substantial evidence in favor of the Commissioner's position. Cox, 495 F.3d at 617; Krogmeier, 294 F.3d at 1022.

Plaintiff, who was born on December 27, 1954, alleges that she is disabled due to a back injury, chronic pain in her neck, legs and knees, swelling in her legs, carpal tunnel release, incontinence, rash, hypertension, and depression. Plaintiff completed the eleventh grade and previously worked as a cashier, waitress, bakery worker, and home health care worker. Tr. 146, 150. The ALJ found that Plaintiff did not engage in substantial gainful activity since her alleged onset date of January 22, 2008; that Plaintiff had a severe combination of impairments which included minimal degenerative disc disease of the lumbosacral spine and status-post right carpal tunnel syndrome release; that Plaintiff did not have an impairment or combination of impairments which met or equaled an impairment listed in Appendix 1, Subpart P, Regulations No. 4; that Plaintiff had a history of non-severe, mild, untreated depression; that Plaintiff's allegation of impairments, singly or in combination,

was not credible; that Plaintiff had the RFC for the full range of light work; that she had no credible, medically established mental or other nonexertional limitations; that Plaintiff's past relevant work as a bakery worker, cashier, and waitress did not require the performance of work-related activities precluded by her RFC; that Plaintiff could perform her past relevant work; and that, therefore, Plaintiff was not disabled within the meaning of the Act.

Plaintiff contends that the ALJ's decision is not supported by substantial evidence because the ALJ incorrectly found that the objective medical evidence was not consistent with the degree of pain which Plaintiff alleges she had and because the VE testified that a person who was unable to stand or walk more than thirty minutes at a time could not perform Plaintiff's past relevant work. Plaintiff also contends that the ALJ's decision should be reversed because he did not reopen the decision of the prior ALJ.

## A.    ALJ's Credibility Determination:

The court will first consider the ALJ's credibility determination, as the ALJ's evaluation of Plaintiff's credibility was essential to the ALJ's determination of other issues, including Plaintiff's RFC. See Wildman v. Astrue, 596 F.3d 959, 969 (8th Cir. 2010) ("[The plaintiff] fails to recognize that the ALJ's determination regarding her RFC was influenced by his determination that her allegations were not credible.") (citing Tellez v. Barnhart, 403 F.3d 953, 957 (8th Cir. 2005)); 20 C.F.R. §§ 404.1545, 416.945 (2010). As set forth more fully above, the ALJ's credibility findings should be affirmed if they are supported by substantial evidence on the record as a whole; a court cannot substitute its judgment for that of the ALJ. Guilliams, 393 F.3d at 801; Hutsell, 892 F.2d at 750; Benskin, 830 F.2d at 882. To the extent that the ALJ did not specifically cite Polaski, case law, and/or Regulations relevant to a consideration of Plaintiff's credibility, this is not necessarily a basis

to set aside an ALJ's decision where the decision is supported by substantial evidence. Randolph v. Barnhart, 386 F.3d 835, 842 (8th Cir. 2004); Wheeler v. Apfel, 224 F.3d 891, 895 n.3 (8th Cir. 2000); Reynolds v. Chater, 82 F.3d 254, 258 (8th Cir. 1996); Montgomery v. Chater, 69 F.3d 273, 275 (8th Cir. 1995). Additionally, an ALJ need not methodically discuss each Polaski factor if the factors are acknowledged and examined prior to making a credibility determination; where adequately explained and supported, credibility findings are for the ALJ to make. See Lowe v. Apfel, 226 F.3d 969, 972 (8th Cir. 2000). See also Tucker v. Barnhart, 363 F.3d 781, 783 (8th Cir. 2004) ("The ALJ is not required to discuss each Polaski factor as long as the analytical framework is recognized and considered."); Strongson, 361 F.3d at 1072; Brown v. Chater, 87 F.3d 963, 966 (8th Cir. 1996). In any case, "[t]he credibility of a claimant's subjective testimony is primarily for the ALJ to decide, not the courts." Pearsall v. Massanari, 274 F.3d 1211, 1218 (8th Cir. 2001). "If an ALJ explicitly discredits the claimant's testimony and gives good reason for doing so, [a court] will normally defer to the ALJ's credibility determination." Gregg v. Barnhart, 354 F.3d 710, 714 (8th Cir. 2003). See also Halverson v. Astrue, 600 F.3d 922, 932 (8th Cir. 2010); Cox v. Barnhart, 471 F.3d 902, 907 (8th Cir. 2006). For the following reasons, the court finds that the reasons offered by the ALJ in support of his credibility determination are based on substantial evidence.

First, the ALJ considered that Plaintiff had a steady but mediocre work record in terms of earnings through 2007; that in only two years, 2001 and 2004, did Plaintiff earn more than $10,000, earning "a bit more than $12,000 each year"; and that a claimant's work record is only one factor to be considered when assessing a claimant's credibility. Tr. 14, 138. A long and continuous past work record with no evidence of malingering is a factor supporting credibility of assertions of disabling impairments. Allen v. Califano, 613 F.2d 139, 147 (6th Cir. 1980). For the same reason, an ALJ may

discount a claimant's credibility based upon her poor work record. Ownbey v. Shalala, 5 F.3d 342, 344 (8th Cir. 1993). See also Pena v. Chater, 76 F.3d 906, 908 (8th Cir. 1996); McClees v. Shalala, 2 F.3d 301, 303 (8th Cir. 1993). The court finds that the ALJ's consideration of Plaintiff's work history is based on substantial evidence and that it is consistent with the Regulations and case law.

Second, the ALJ considered that Plaintiff's depression was mild and untreated. Tr. 15. The ALJ also considered, in regard to Plaintiff's urinary incontinence, that Plaintiff was treated for this condition on November 27, 2007, and that there was no documented evidence that it persisted beyond that date. Tr. 15. The ALJ further considered that Plaintiff had not had any inpatient hospitalizations in recent years and that, although she had chiropractic treatment in early 2008, she did not have physical therapy. Tr. 18. Also, as noted by the ALJ, during the relevant period, Plaintiff did not receive medical treatment for over one year. Tr. 17. Further, on February 12, 2010, Dr. Graber instructed Plaintiff to return in one month but the record does not reflect that Plaintiff did so. Tr. 17, 376. A claimant's failure to seek aggressive treatment is not suggestive of disabling pain. See Rautio, 862 F. 2d at 179; Edwards v. Barnhart, 314 F.3d 964, 967 (8th Cir. 2003) ("[T]he ALJ concluded, and we agree, that if her pain was as severe as she alleges, [Plaintiff] would have sought regular medical treatment."). As such, the court finds that the ALJ's finding in this regard is supported by substantial evidence and that it is consistent with the Regulations and case law.

Third, the ALJ considered, in regard to Plaintiff's urinary incontinence, that Plaintiff had always had this problem and that she had worked with it. Tr. 15. "Acts which are inconsistent with a claimant's assertion of disability reflect negatively upon that claimant's credibility." Johnson v. Apfel, 240 F.3d 1145, 1148 (8th Cir. 2001). "Working generally demonstrates an ability to perform a substantial gainful activity." Goff, 421 F.3d at 792 (citing Nabor v. Shalala, 22 F.3d 186, 188-89

(8th Cir. 1994)).  20 C.F.R. § 404.1574(a) provides that if a claimant has worked, the Commissioner should take this into consideration when determining if the claimant is able to engage in substantial gainful activity.  Moreover, when a claimant has worked with an impairment, the impairment cannot be considered disabling without a showing that there has been a significant deterioration in that impairment during the relevant period. See Dixon v. Sullivan, 905 F.2d 237, 238 (8th Cir. 1990). See also Van Vickle v. Astrue, 539 F.3d 825, 830 (8th Cir. 2008) ("[D]espite suffering from what she calls "extreme fatigue," Van Vickle continued working for over four years.").  As such, the court finds that the ALJ's considering that Plaintiff worked despite her alleged urinary incontinence is supported by substantial evidence and that the ALJ's decision, in this regard, is consistent with the Regulations and case law.

Fourth, the ALJ considered that Plaintiff's hypertension, hyperlipedemia, and hypothyroidism could all be controlled with medication and that Plaintiff's right carpal tunnel syndrome was successfully treated by release surgery in January 2010. Tr. 15, 17.  Indeed, Thomas Graber, M.D., reported that Plaintiff said that she was no longer experiencing tingling in her hand after undergoing a right carpal tunnel release. Tr. 378. Additionally, the ALJ considered that Plaintiff was prescribed Celexa for depression and stopped taking it because it "messed up her stomach"; that she was also prescribed Zoloft for depression; and that she did not take the Zoloft.  The ALJ also considered that there was no documented record that Plaintiff had any significant, uncontrollable adverse side effects from medication and that when whatever side effects she did have were eliminated or greatly diminished by changes in either the type or dosage of her medication. Tr. 17-18. The ALJ further considered that there was no evidence that Plaintiff had ever been refused medical treatment because of an inability to pay. Tr. 17.  Impairments which can be controlled by treatment cannot be considered

disabling. See Davidson v. Astrue, 578 F.3d 838, 846 (8th Cir. 2009); Medhaug v. Astrue, 578 F.3d 805, 813 (8th Cir. 2009); Schultz v. Astrue, 479 F.3d 979, 983 (8th Cir. 2007); Estes v. Barnhart, 275 F.3d 722, 725 (8th Cir. 2002); Murphy, 953 F.2d 383, 384 (8th Cir. 1992); Warford v. Bowen, 875 F.2d 671, 673 (8th Cir. 1989); James for James v. Bowen, 870 F.2d 448,450 (8th Cir. 1989). Additionally, the absence of side effects from medication is a proper factor for the ALJ to consider when determining whether a plaintiff's complaints of disabling pain are credible. See Depover v. Barnhart, 349 F.3d 563, 566 (8th Cir. 2003) ("We [] think that it was reasonable for the ALJ to consider the fact that no medical records during this time period mention [the claimant's] having side effects from any medication."); Richmond v. Shalala, 23 F.3d 1441, 1443-44 (8th Cir. 1994). In some circumstances, failure to seek medical treatment based on inadequate financial resources may explain a plaintiff's failure. See Johnson v. Bowen, 866 F.2d 274, 275 (8th Cir. 1989). However, even assuming that a claimant's financial resources were insufficient, failure to seek treatment offered to indigents detracts from a claim that she did not seek medical treatment because of inadequate financial resources. See Riggins, 177 F.3d at 693. The court finds, therefore, that the ALJ properly considered that some of Plaintiff's alleged disabling conditions could be controlled with medication, that Plaintiff failed to take Zoloft to control her depression, and that there was no evidence that Plaintiff was refused medical treatment because of an inability to pay. The court further finds that the ALJ's decision, concerning these matters, is supported by substantial evidence.

Fifth, the ALJ considered the absence of objective medical evidence to support Plaintiff's complaints. Halverson v. Astrue, 600 F.3d 922, 932 (8th Cir. 2010) (citing Mouser v. Astrue, 545 F.3d 634, 638 (8th Cir.2008)). In this regard, the ALJ considered the reports of doctors who had treated and examined Plaintiff. See Orrick v. Sullivan, 966 F.2d 368, 372 (8th Cir. 1992) (holding that

an ALJ may discredit a claimant's subjective complaints where there are inconsistencies in the record; the ALJ may give more weight to the medical records than to a claimant's testimony); Russell v. Sullivan, 950 F.2d 542, 545 (8th Cir. 1991); Edwards v. Secretary of Health & Human Services, 809 F.2d 506, 508 (8th Cir. 1987). In particular, the ALJ considered that after a vehicle accident on January 22, 2008, her alleged onset date, Plaintiff was seen in the emergency room for back pain radiating down her right leg and that she was diagnosed only with back strain. The court notes that records of this date reflect that Plaintiff was "ambulatory" upon arrival; that the severity of the pain was recorded as "moderate" and was eight on a ten point scale; and that review of Plaintiff's ENT, CV, Respiratory, GI, and "Psych" systems were negative. Tr. 16, 216-20. Additionally, emergency room records of January 22, 2008, reflect that Plaintiff *had full range of motion of her musculoskeletal system* and *normal strength*. Tr. 221. The ALJ considered that Plaintiff returned to the emergency room on January 28, 2008, again complaining of back pain and saying that her back had "popped" while she was at a courthouse. The ALJ noted that an x-ray of Plaintiff's lumbosacral spine taken on this date showed some *minimal degenerative osteoarthritic changes*; that Plaintiff was diagnosed with "only a strain"; and that she was prescribed pain medication. The court notes that records of January 28, 2008, reflect that Plaintiff was ambulatory upon arrival; that no communication deficit was noted; that review of all of Plaintiff's systems, including "Psych" was negative; that, in regard to her "neuro" system, Plaintiff's *sensory/motor and reflexes were intact*; that, in regard to her respiratory system, her airway was patent, breath sounds were equal, and respiration was non-labored; and that her affect/mood were appropriate and she was not anxious/depressed. Tr.16, 204-209. Moreover, Chyl Kim, M.D., reported in June 2008, when Plaintiff was seen for a consultive examination, that Plaintiff had *normal strength in her extremities;* that she had *no significant*

*limitation in her range of motion* in any joint; and that Plaintiff *had normal hand grip and finger movement*. Tr. 291-92. The court finds that the ALJ's consideration of the medical evidence in regard to his credibility findings is supported by substantial evidence and that it is consistent with the Regulations and case law.

Sixth, the ALJ considered that there was no documented evidence of Plaintiff's having daily crying spells or evidence of untreatable depression. The ALJ also considered that the only documented time that Plaintiff saw a psychiatrist was the one time she saw Dr. Haiderzad in December 2008. The ALJ further considered that Plaintiff had not required psychiatric hospitalizations or similar drastic intervention. Tr. 18. See Cruse v. Bowen, 867 F.2d 1183, 1187 (8th Cir. 1989); Rautio, 862 F. 2d at 179. Moreover, seeking limited medical treatment is inconsistent with claims of disabling pain. Edwards v. Barnhart, 314 F.3d 964, 967 (8th Cir. 2003) ("[T]he ALJ concluded, and we agree, that if her pain was as severe as she alleges, [Plaintiff] would have sought regular medical treatment."). As such, the court finds that the ALJ's consideration that there was no documented evidence of Plaintiff's having daily crying spells or evidence of untreatable depression is supported by substantial evidence and that it is consistent with the Regulations and case law.

Seventh, the ALJ considered that, at the hearing, Plaintiff displayed no obvious signs of depression, anxiety, memory loss, or other mental disturbance. While an ALJ cannot accept or reject subjective complaints *solely* on the basis of personal observations, Ward v. Heckler, 786 F.2d 844, 847-48 (8th Cir. 1986), an ALJ's observations of a claimant's appearance and demeanor during the hearing is a consideration. Steed v. Astrue, 524 F.3d 872, 876 (8th Cir. 2008) (holding that an ALJ "is in the best position" to assess credibility because he is able to observe a claimant during his testimony); Johnson v. Apfel, 240 F.3d 1145, 1147-48 (8th Cir. 2001) ("The ALJ's personal

observations of the claimant's demeanor during the hearing is completely proper in making credibility determinations"); Jones v. Callahan, 122 F.3d 1148, 1151 (8th Cir. 1997) ("When an individual's subjective complaints of pain are not fully supported by the medical evidence in the record, the ALJ may not, based solely on his personal observations, reject the complaints as incredible."). Here, to reach his conclusion, the ALJ combined his review of the record as a whole with his personal observations. The court finds that the ALJ's consideration of Plaintiff's demeanor at the hearing is based on substantial evidence and is consistent with the Regulations and case law.

Eighth, the ALJ considered Plaintiff's testimony regarding her daily activities, including that she often sat in a recliner; that she cooked one meal a day, using an electric skillet; that she watched television; and that she went to the grocery store once a month. The ALJ further considered that Plaintiff testified that she went fishing in 2009. Tr. 13, 33-38. While the undersigned appreciates that a claimant need not be bedridden before he can be determined to be disabled, Plaintiff's daily activities can nonetheless be seen as inconsistent with his subjective complaints of a disabling impairment and may be considered in judging the credibility of complaints. Eichelberger, 390 F.3d at 590 (holding that the ALJ properly considered that the plaintiff watched television, read, drove, and attended church upon concluding that subjective complaints of pain were not credible); Dunahoo v. Apfel, 241 F.3d 1033, 1038 (8th Cir. 2001); Onstead, 962 F.2d at 805; Murphy v. Sullivan, 953 F.2d 383, 386 (8th Cir. 1992); Benskin, 830 F.2d at 883; Bolton v. Bowen, 814 F.2d 536, 538 (8th Cir. 1987). Indeed, the Eighth Circuit holds that allegations of disabling "pain may be discredited by evidence of daily activities inconsistent with such allegations." Davis v. Apfel, 239 F.3d 962, 967 (8th Cir. 2001) (citing Benskin, 830 F.2d at 883). "Inconsistencies between [a claimant's] subjective complaints and her activities diminish her credibility." Goff, 421 F.3d at 792 (citing Riggins v. Apfel, 177 F.3d 689,

692 (8th Cir. 1999)).  See also Haley v. Massanari, 258 F.3d 742, 748 (8th Cir. 2001); Nguyen v.

Chater, 75 F.3d 429, 439-31 (8th Cir. 1996) (holding that a claimant's daily activities, including

visiting neighbors, cooking, doing laundry, and attending church, were incompatible with disabling

pain and affirming denial of benefits at the second step of analysis).       An ALJ, however, is not

required to believe all of a claimant's assertions concerning her daily activities.  Johnson v. Chater,

87 F.3d 1015, 1018 (8th Cir. 1996).  "[S]ubjective complaints of pain cannot be disregarded solely

because there is no supporting medical evidence, but they can be discounted if the ALJ finds

inconsistencies in the record as a whole."  Zeiler v. Barnhart, 384 F.3d 932, 936 (8th Cir. 2004)

(citing Johnson v. Chater, 108 F.3d 942, 947 (8th Cir. 1997)).  While Plaintiff's daily activities may

"demonstrate some limitations, the ALJ [is] not obligated to accept all of [Plaintiff's] assertions

concerning those limitations.  Ostronski v. Chater, 94 F.3d 413, 418-419 (8th Cir. 1996).  The court

finds, therefore, that the ALJ properly considered Plaintiff's daily activities upon choosing to discredit

her complaints of debilitating pain.  The court further finds that substantial evidence supports the

ALJ's decision in this regard.

     Ninth, the ALJ considered that there were significant gaps in Plaintiff's receiving medical

treatment and that she sought medical treatment for acute medical problems as they arose. Tr. 17.

In this regard, the record reflects that during the relevant period Plaintiff did not seek medical

treatment for over one year.  Additionally, Dr. Grager instructed Plaintiff to return to his office in one

month, but the record does not reflect that she did so. Tr. 17, 376.  Plaintiff's failure to seek medical

treatment contradicts her assertion of disabling pain. See Gwathney v. Chater, 104 F.3d 1043, 1045,

(8th Cir. 1997).  As such, the court finds that the ALJ's decision, in this regard, is supported by

substantial evidence and that it is consistent with the Regulations and case law.       Tenth, no

17

physician who treated or examined Plaintiff indicated that she is disabled or unable to perform any type of work. Additionally, no physician placed any specific long-term limitations on Plaintiff's ability to stand, walk, bend, lift, carry, or perform other exertional activities. <u>See</u> <u>Young v. Apfel</u>, 221 F.3d 1065, 1069 (8th Cir. 1069) ("We find it significant that no physician who examined Young submitted a medical conclusion that she is disabled and unable to perform any type of work.") (citing <u>Brown v. Chater</u>, 87 F.3d 963, 964-65 (8th Cir.1996)). In particular, as discussed above, on January 22, 2008, it was noted that Plaintiff had full range of motion and normal strength and, a week later, it was noted that she had normal sensory and motor functions. Tr. 221, 287. Also, in June 2008, Dr. Kim reported that Plaintiff had normal strength in her extremities, no significant limitation of range of motion, was able to bear full weight on both legs, walk on her heels and toes, was able to get on and off the examining table without significant difficulty, and had normal hand grip and finger movement. Tr. 291-91.

In conclusion, the court finds that the ALJ's consideration of the medical evidence in regard to Plaintiff's credibility is supported by substantial evidence. Moreover, the ALJ applied the proper legal standard when considering Plaintiff's credibility and upon determining that her complaints of pain were not fully credible. As such, Plaintiff's contentions to the contrary are without merit.

**B.    Plaintiff's RFC and Vocational Expert Testimony:**

Plaintiff contends that the ALJ should have found her disabled because the VE testified that a person who could not stand or walk more than thirty minutes at a time would not be able to perform her past relevant work.

The Regulations define RFC as "what [the claimant] can do" despite his or her "physical or mental limitations." 20 C.F.R. § 404.1545(a). "When determining whether a claimant can engage in

substantial employment, an ALJ must consider the combination of the claimant's mental and physical impairments." Lauer v. Apfel, 245 F.3d 700, 703 (8th Cir. 2001). "The ALJ must assess a claimant's RFC based on all relevant, credible evidence in the record, 'including the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" Tucker v. Barnhart, 363 F.3d 781, 783 (8th Cir. 2004) (quoting McKinney v. Apfel, 228 F.3d 860, 863 (8th Cir. 2000)). See also Anderson v. Shalala, 51 F.3d. 777, 779 (8th Cir. 1995). To determine a claimant's RFC, the ALJ must move, analytically, from ascertaining the true extent of the claimant's impairments to determining the kind of work the claimant can still do despite his or her impairments. Although assessing a claimant's RFC is primarily the responsibility of the ALJ, a "'claimant's residual functional capacity is a medical question.'" Lauer, 245 F.3d at 704 (quoting Singh v. Apfel, 222 F.3d 448, 451 (8th Cir. 2000)). The Eighth Circuit clarified in Lauer, 245 F.3d at 704, that "'[s]ome medical evidence,' Dykes v. Apfel, 223 F.3d 865, 867 (8th Cir. 2000) (per curiam), must support the determination of the claimant's RFC, and the ALJ should obtain medical evidence that addresses the claimant's 'ability to function in the workplace,' Nevland v. Apfel, 204 F.3d 853, 858 (8th Cir. 2000)."

The RFC need only include a plaintiff's credible limitations. See Tindell v. Barnhart, 444 F.3d 1002, 1007 (8th Cir. 2006) ("The ALJ included all of Tindell's credible limitations in his RFC assessment, and the ALJ's conclusions are supported by substantial evidence in the record."). Pursuant to this requirement, as discussed above, the ALJ found that Plaintiff's subjective complaints were not credible. The court has found above that the ALJ's decision, in this regard, is supported by substantial evidence. In compliance with the above described requirements, the ALJ found that Plaintiff had the RFC for the physical exertional and nonexertional requirements of the full range of

light work. Further, the ALJ found that Plaintiff had no credible, medically-established mental or other nonexertional limitations. The court finds that the ALJ's assessment of Plaintiff's RFC is supported by substantial evidence, including Plaintiff's medical records, and that it is consistent with the Regulations and case law. See McKinney v. Apfel, 228 F.3d 860, 863 (8th Cir. 2000) ("The Commissioner must determine a claimant's RFC based on all of the relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of his limitations.") (citing Anderson v. Shalala, 51 F.3d 777, 779 (8th Cir.1995); Sanders v. Sullivan, 983 F.2d 822, 823 (8th Cir. 1992).

As the ALJ found that Plaintiff did not have any credible nonexertional limitations, he was permitted to rely on the Medical Vocational Guidelines (the "Guidelines") to determine the requirements of Plaintiff's past relevant work; he did not have to obtain the testimony of a VE. See Robinson, 956 F.2d at 839. See also Reed v. Sullivan, 988 F.2d 812, 816 (8th Cir. 1993) ("[T]he ALJ may rely on the guidelines to direct a conclusion of either disabled or not disabled without resorting to vocational expert testimony if the ALJ determines that a claimant's nonexertional limitations do not *significantly* affect the claimant's RFC.") (emphasis added) (citing Thompson v. Bowen, 850 F.2d 346, 349 (8th Cir. 1988)). Nonetheless, the ALJ sought the testimony of a VE. The VE testified that a hypothetical person, who could perform the full range of light work, and who was Plaintiff's age and education, could perform Plaintiff's past relevant work as a cashier and waitress. Tr. 49.

The hypothetical which the ALJ posed to the VE and upon which the VE relied when testifying that such a person could perform Plaintiff's past relevant work included Plaintiff's limitations which the ALJ found credible. An ALJ posing a hypothetical to a VE is not required to

include all of a claimant's limitations, but only those which he finds credible. Martise v. Astrue, 691 F.3d 909, 927(8th Cir. 2011) ("The ALJ's hypothetical question to the vocational expert needs to include only those impairments that the ALJ finds are substantially supported by the record as a whole.") Lacroix v. Barnhart, 465 F.3d 881, 889 (8th Cir.2006)); Guilliams, 393 F.3d at 804 (holding that a proper hypothetical sets forth impairments supported by substantial evidence and accepted as true by the ALJ); Gilbert v. Apfel, 175 F.3d 602, 604 (8th Cir. 1999) ("In posing hypothetical questions to a vocational expert, an ALJ must include all impairments he finds supported by the administrative record."); Sobania v. Sec'y of Health, Educ. & Human Servs., 879 F.2d 441, 445 (8th Cir. 1989); Rautio, 862 F.2d at180. Where a hypothetical question precisely sets forth all of the claimant's physical and mental impairments, a VE's testimony constitutes substantial evidence supporting the ALJ's decision. Martise, 641 F.3d at 927 ("Based on our previous conclusion ... that 'the ALJ's findings of [the claimant's] RFC are supported by substantial evidence,' we hold that '[t]he hypothetical question was therefore proper, and the VE's answer constituted substantial evidence supporting the Commissioner's denial of benefits.'") (quoting Lacroix v. Barnhart, 465 F.3d 881, 889 (8th Cir. 2006)); Robson v. Astrue, 526 F.3d 389, 392 (8th Cir. 2008) (holding that a VE's testimony is substantial evidence when it is based on an accurately phrased hypothetical capturing the concrete consequences of a claimant's limitations); Wingert v. Bowen, 894 F.2d 296, 298 (8th Cir. 1990).

The VE also testified that Plaintiff could not do any of her past relevant jobs if she could not stand and sit continuously for at least thirty minutes at a time. Tr. 49-50. The ALJ noted, however, that he did not "find this assumption to be valid or justified by the preponderance of the medical evidence and the opinions in th[e] record." Tr. 17. As discussed above, the ALJ's credibility determination is based on substantial evidence. The ALJ, therefore, was not required to the second

hypothetical which included limitations which the ALJ did not find credible. See Baker v. Barnhart, 457 F.3d 882, 894-95 (8th Cir. 2006) ("Where a claimant's subjective complaints of pain are explicitly discredited for legally sufficient reasons articulated by the ALJ, the [Commissioner's] burden at the fifth step may be met by use of the [Grids].") (internal citations omitted); McGeorge v. Barnhart, 321 F.3d 766, 769 (8th Cir. 2003) ("Because the ALJ's determination that [the claimant] had a non-severe mental impairment was supported by substantial evidence, it was appropriate for the ALJ to rely upon the [Grids] to reach the conclusion that [the claimant] was not disabled."); Robinson, 956 F.2d at 841 ("Since the ALJ explicitly discredited the subjective complaints of pain, the ALJ properly refused to supplement the [Grids] on this ground.").

20 C.F.R. § 404.1560 states in relevant part in regard to a claimant's ability to perform past relevant work:

(b) Past relevant work ...

(2) Determining whether you can do your past relevant work. We will ask you for information about work you have done in the past. We may also ask other people who know about your work. (See § 404.1565(b).) We may use the services of vocational experts or vocational specialists, or other resources, such as the "Dictionary of Occupational Titles" and its companion volumes and supplements, published by the Department of Labor, to obtain evidence we need to help us determine whether you can do your past relevant work, given your residual functional capacity. ...

(3) If you can do your past relevant work. If we find that you have the residual functional capacity to do your past relevant work, we will determine that you can still do your past work and are not disabled. We will not consider your vocational factors of age, education, and work experience or whether your past relevant work exists in significant numbers in the national economy. ...

Consistent with 20 C.F.R. § 404.1560, found that Plaintiff could perform her past relevant work as a cashier and waitress. Further, as required by § 404.1560, the ALJ found that, because

Plaintiff can perform her past relevant work, she was not disabled through the date of his decision. The court finds that the ALJ's decision that Plaintiff can perform her past relevant work is based on substantial evidence and that it is consistent with the Regulations and case law. Further, the court finds, without merit Plaintiff's argument that the ALJ failed to rely on the hypothetical posed to the VE which included limitations which the ALJ did not find credible. See Martise, 691 F.3d at 927; Baker, 457 F.3d at 894-95.

**D.     Reopening of the Prior ALJ's Decision:**

Plaintiff contends that the ALJ committed reversible error for not reopening the prior ALJ's decision. As stated above, Plaintifff previously filed applications for Disability Insurance Benefits and Supplemental Security Income, on September 22, 2005, alleging a disability onset date of June 26, 2005. On October 22, 2005, following a hearing, an ALJ found that Plaintiff was not disabled from June 26, 2005, through the date of the decision. Tr. 13, 53-60. On February 28, 2008, the Appeals Council denied Plaintiff's request for review of the this decision. Tr. 14. Plaintiff did not pursue the denial of benefits further. The ALJ in the matter under consideration noted Plaintiff's prior applications and their denial, stated that these applications were not subject to reopening, found that res judicata was applicable with respect to the October 25, 2007 ALJ's decision, and held that, therefore, Plaintiff was not disabled prior to that date. Tr. 13-14.

The Eighth Circuit held, in Efinchuk v. Astrue, 480 F.3d 846, 848 (8th Cir. 2007), that:

Under § 405(g), courts generally lack jurisdiction to review the Commissioner's refusal to reopen the proceeding because a refusal to reopen the proceeding is not a "final decision of the Commissioner ... made after a hearing." 42 U.S.C. § 405(g); see Califano v. Sanders, 430 U.S. 99, 107-08, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977); Boock v. Shalala, 48 F.3d 348, 351 (8th Cir.1995). Jurisdiction may exist, however, if the claimant challenges the refusal to reopen the proceeding on constitutional grounds. Califano, 430 U.S. at 109, 97 S.Ct. 980; Boock, 48 F.3d at 351.

See also Boock v. Shalala, 48 F.3d 348, 351 (8th Cir. 1995) ("It is well-settled that the Secretary's refusal to reopen an administratively final decision under 20 C.F.R. § 404.988 is not a 'final decision ... made after a hearing' subject to judicial review under § 405(g)") (citations omitted).

Plaintiff presents no constitutional claim. The court finds, therefore, that the ALJ's decision not to reopen her prior applications is not reviewable. Moreover, as noted by the ALJ, in her current applications Plaintiff alleged a disability onset date of January 22, 2008, which is about three months after the date of the prior ALJ's decision. Tr. 116, 119. Thus, Plaintiff did not seek revision or reopening of the prior ALJ's decision. Under such circumstances, the ALJ did not err in failing to reopen the prior ALJ's decision. See Efinchuk, 480 F.3d at 848; Boock, 48 F.3d at 351.

## IV.
## CONCLUSION

For the reasons set forth above, the court finds that substantial evidence on the record as a whole supports Commissioner's decision that Plaintiff is not disabled.

Accordingly,

**IT IS HEREBY RECOMMENDED** that the relief sought by Plaintiff in her Complaint and Brief in Support of Complaint is **DENIED**; Docs. 1, 13.

**IT IS FURTHER RECOMMENDED** that a separate judgment be entered incorporating this Report and Recommendation.

The parties are advised that they have fourteen (14) days in which to file written objections to these recommendations pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact. See Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990).

/s/Mary Ann L. Medler
MARY ANN L. MEDLER
UNITED STATES MAGISTRATE JUDGE


Dated this 14th day of May, 2012.